1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

7

8

9

10

JASON R.,

                         Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.

Case No. C20-5755 TLF

ORDER REVERSING AND
REMANDING DECISION TO DENY
BENEFITS

11     Plaintiff has brough this matter for judicial review of the Commissioner's denial of

12  plaintiff's application for disability insurance benefits and supplemental security benefits.

13  The parties have consented to have this matter heard by the undersigned Magistrate

14  Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13.

15                          I.      ISSUES FOR REVIEW

16     1.  Whether the ALJ erred in determining that plaintiff did not meet or equal any

17         listing?

18     2.  Whether the ALJ erred in rejecting plaintiff's testimony? and

19     3.  Whether the ALJ erred in rejecting opinion evidence in the record?

20                          II.      BACKGROUND

21     On April 1, 2014, plaintiff filed applications for disability insurance benefits and

22  supplemental security benefits with an alleged onset date of December 31, 2010. AR

23  254-257; 258-263. Plaintiff's application was denied initially and upon reconsideration.

24

25

AR 85-86, 98-99, 114-15, 129. Administrative Law Judge James W. Sherry held a hearing on April 26, 2016. AR 962-994. On May 20, 2016, the ALJ issued a decision finding that plaintiff was not disabled. AR 902-921. On August 15, 2017, the Appeals Council denied review making the ALJ's decision the final agency action. AR 928-934.

On October 16, 2017, plaintiff appealed the denial of benefits to the United States District Court for the Western District of Washington. AR 935-937. On April 16, 2018, the Honorable David W. Christel ordered that ALJ Sherry's decision was reversed and remanded for further administrative proceedings. AR 938-957. On March 22, 2019, ALJ Rebecca L. Jones held a new administrative hearing. AR 833-893. On July 30, 2019, ALJ Jones issued a decision finding that plaintiff was not disabled. AR 801-822. On November 5, 2020, the Appeals Council denied review, making the ALJ's decision the final agency decision. AR 785-792.

Plaintiff seeks judicial review of the ALJ's July 30, 2019 decision. Dkt. 4.

## III.     STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

## IV.     DISCUSSION

The ALJ found that plaintiff had the severe, medically determinable impairments of: cervical, thoracic and lumbar degenerative disc disease; right elbow neuropathy;

bipolar disorder; major depressive disorder; generalized anxiety disorder; and marijuana abuse/dependence. AR 806. The ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the severity of one of the listed impairments in 20 CFR Part 404 Subpart P, Appendix 1. AR 807-809. Based on these impairments, the ALJ found that plaintiff could perform light work with the following limitations:

> The claimant is able to perform work that does not require climbing of ladders, ropes or scaffolds. The claimant is able to climb ramps and stairs no more than occasionally. He is able to stoop, kneel, crouch, and crawl no more than occasionally. The claimant is able to perform work that does not require exposure to hazards. The claimant is able to perform simple, routine tasks in a work environment free of fast-paced production requirements involving only simple work-related decisions with few, if any, workplace changes. The claimant is able to perform work that does not require public contact. He is able to engage in superficial contact with co-workers no more than occasionally. He is able to perform work that does not require team task. He is able to engage in superficial contact with supervisors no more than occasionally after an initial training period.

AR 809. Relying on vocational expert (VE) testimony, the ALJ determined that plaintiff is unable to perform any past relevant work but that there are sufficient jobs in the national economy that plaintiff could perform. AR 820. Accordingly, the ALJ found that plaintiff was not disabled within the meaning of the Social Security Act.

A.   Step Three Listing Determination

Plaintiff contends that the ALJ erred at step three of the sequential evaluation process by finding that plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity for listings 12.04 and 12.06.

At step three, the ALJ must decide whether claimant meets or medically equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §

404.1520(d); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the claimant

meets or medically equals any of the listed impairments, the claimant is deemed

disabled without consideration of the claimant's age, education, and work experience.

20 C.F.R. § 404.1520(d). The claimant bears the burden of establishing they meet or

equal any of the impairments in the listings. *Tackett*, 180 F.3d 1098. "A generalized

assertion of functional problems is not enough to establish disability at step three." *Id*. at

1100 (citing 20 C.F.R. § 404.1526). An ALJ "must evaluate the relevant evidence before

concluding that a claimant's impairments do not meet or equal a listed impairment."

*Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).

To meet a listing, a claimant "must have a medically determinable impairment(s)

that satisfies all of the criteria in the listing." 20 C.F.R. § 404.1525(d). An impairment, or

combination of impairments, equals the severity of a listed impairment when the medical

findings are at least equivalent in severity to the set of medical findings for the listed

impairment. *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990). The ALJ "is not required to

discuss the combined effects of a claimant's impairments or compare them to any listing

in an equivalency determination, unless the claimant presents evidence in an effort to

establish equivalence." *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).

Listings 12.04 and 12.06 consist of three set of criteria or "paragraphs." 20 C.F.R.

Part 404 Subpart P, Appendix 1, §§ 12.04, 12.06. To meet the listing for Section 12.04,

an impairment or combination of impairments must satisfy paragraph A and either

paragraph B or paragraph C. 20 C.F.R. Part 404 Subpart P, Appendix 1, § 12.04.

Paragraph A for Section 12.04 requires medical documentation of certain signs of either

depressive disorder or bipolar disorder. *Id*.

To meet the listing for Section 12.06, an impairment or combination of impairments must satisfy paragraph A and B, or A and C. 20 C.F.R. Part 404 Subpart P, Appendix 1, § 12.06. Paragraph A criteria requires medical documentation of anxiety disorder, panic disorder, agoraphobia or obsessive-compulsive disorder. *Id.*

Paragraph B for both sections requires that a claimant show:

Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:

1. Understand, remember, or apply information.
2. Interact with others.
3. Concentrate, persist, or maintain pace.
4. Adapt or manage oneself.

20 C.F.R. Part 404 Subpart P, Appendix 1, §§ 12.04, 12.06

The regulations define "moderate limitation" as a "fair" ability to function "independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. Part 404 Subpart P, Appendix 1, §§ 12.00F(2). They define "marked limitation" as a "seriously limited" ability to do the same. *Id.* "Extreme limitation" is defined as an inability to function "independently, appropriately, effectively, and on a sustained basis." *Id.*

The ALJ did not make a finding on Paragraph A criteria for Sections 12.04 or 12.06 and neither party disputes that plaintiff met the Paragraph A criteria for Listing 12.04 or 12.06. AR 808-09; Dkt. 17 at 6-7; Dkt. 21 at 15-18. Plaintiff does not argue he meets Paragraph C criteria for Listing 12.06. Dkt. 17 at 6-7. Plaintiff argues the ALJ erred in determining he did not meet Paragraph B for listings 12.04 and 12.06. *Id.* Plaintiff maintains he has marked limitations in understanding, remembering, or applying information; interacting with others; and maintaining concentration, persist or maintain pace. *Id.*

Relying on plaintiff's function report (AR 355-362) and treatment notes (AR 1174) the ALJ found that plaintiff had moderate limitations in understanding, remembering or applying information. AR 808. The ALJ noted that plaintiff reported being able to follow instructions, care for his children, do household chores and go shopping. AR 808. The ALJ also relied on treatment notes indicating that plaintiff's memory was within fair limits. AR 808.

The ALJ opined that plaintiff had moderate limitations in interacting with others. AR 808. The ALJ acknowledged that plaintiff testified that he disliked going in public, disliked being around other people, had problems getting along with his family and had no friends. AR 808. The ALJ found that this testimony was contradicted by the record which indicates that plaintiff spent time with family at events and vacations; was able to take his children to the park; occasionally went to church; spent time with family; went camping with his family; and liked to play in a band. AR 808 (citing AR 293-300, 301-308, 344-354). The ALJ also observed that plaintiff was able to interact with treating providers and interacted appropriately during plaintiff's hearing. AR 808.

The ALJ found that plaintiff had moderate limitations in concentrating, persisting or maintaining pace. AR 808. The ALJ cited to plaintiff's function reports in which plaintiff reported that if he was interested he could pay attention for a while, that plaintiff could follow short/quick written instructions, reported that he generally finishes what he starts, can pay sufficient attention to watch a movie. AR 808 (citing 301-308, 355-362). The ALJ also reasoned that plaintiff's concentration was intact at some mental status exams, that plaintiff was able to concentrate during appointments and that plaintiff

1  sustained concentration, persistence and pace during his hearing. AR 808. The ALJ

2  found that plaintiff has mild limitations in adapting and managing himself. AR 808.

3       Plaintiff argues that the ALJ erred in finding that plaintiff did not meet the

4  Paragraph B criteria for listing 12.04 or 12.06. Dkt. 17 at 6-7. Plaintiff maintains that due

5  to his bipolar disorder, he has marked restrictions in performing activities of daily living,

6  marked difficulties in maintaining social functioning and marked difficulties in

7  maintaining concentration, persistence, and pace. *Id.* at 6. Plaintiff cites to adult

8  functional reports prepared by plaintiff's sister (AR 293-300; 344-354), the adult

9  functional report prepared by plaintiff's mother (AR 333-343), and plaintiff's adult

10 functional reports (AR 301-308, 355-362) as contradicting the ALJ's decision. AR 17 at

11 6. Plaintiff also cites to medical records supporting his position, including progress notes

12 from Community Mental Health Center (AR 457-58, 498, 517), Dr. Crampton's report

13 (AR 439), plaintiff's initial assessment from Comprehensive Mental Health (AR 556-58)

14 and Marshall Johnson's report (AR 510-12).

15       In evaluating Step Three, the ALJ considered plaintiff's functional reports,

16 medical notes from Behavior Health Resources (AR 1174), the adult functional reports

17 from plaintiff's sister, the adult functional report from plaintiff's mother, and medical

18 reports from CHI Franciscan Health (AR 683). AR 808-09. The ALJ also considered Dr.

19 Crampton's notes where plaintiff reported self-isolating and hating people. AR 808.

20 Plaintiff's opening brief cites to the same evidence that the ALJ considered in

21 determining that plaintiff is not disabled at Step Three. Dkt. 17 at 6-7. Plaintiff disagrees

22 with the ALJ's interpretation of the evidence and argues that the evidence supports a

23 finding of disability at Step Three. *Id.*

24

25

Yet, the ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the record. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where evidence exists to support more than one reasonable interpretation of the evidence – the claimant's and the ALJ's – the Court must defer to the ALJ's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Here, the Court must defer to the ALJ's interpretation of the conflicting evidence.

Plaintiff also cites to medical opinions by Marshall Johnson (AR 498, 510-12, 517). In the previous decision finding plaintiff to not be disabled, ALJ Sherry rejected the opinion of Marshall Johnson because plaintiff's activities of daily living contradicted Mr. Johnson's opinion. AR 914. The Court held that this was a sufficiently germane reason supported by substantial evidence to discount Mr. Johnson's opinion. AR 953. ALJ Jones has discounted Mr. Johnson's opinion on the same grounds. AR 813. Accordingly, it was not error for the ALJ to not consider Mr. Johnson's opinion when determining plaintiff's limitations at Step Three.

Based on the foregoing, the ALJ did not err in finding that plaintiff did not meet or equal the Paragraph B criteria for listings 12.04 and 12.06.

B.  Plaintiff's Testimony

Plaintiff contends that the ALJ failed to properly evaluate plaintiff's testimony regarding the severity of his symptoms, and that this was harmful error. Dkt. 17.

To reject a claimant's subjective complaints, the ALJ's decision must provide "specific, cogent reasons for the disbelief." *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater,* 81 F.3d 821,

834 (9th Cir. 1995). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Ahearn*, 988 F.3d at 1116. "[B]ecause subjective descriptions may indicate more severe limitations or restrictions than can be shown by medical evidence alone," the ALJ may not discredit a subjective description "solely because it is not substantiated affirmatively by objective medical evidence." *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

The ALJ considered plaintiff's reported mental health impairments as well as plaintiff's reported physical impairments. AR 810. In discrediting plaintiff's testimony, the ALJ reasoned that plaintiff's testimony was inconsistent with: (1) plaintiff's reported activities and (2) the objective medical evidence. AR 810-812, 815-819.

Inconsistencies with objective medical evidence may serve as clear and convincing reasons for discounting a claimant's testimony. *Regennitter v. Comm'r of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1999). But an ALJ may not reject a claimant's subjective symptom testimony "solely because the degree of pain alleged is not supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1994); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints other than pain). Impairments that can be controlled effectively by medication or treatment are not considered disabling for purposes of determining eligibility for Social Security benefits. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Yet finding of improvement must be supported by substantial evidence. *Holohan v. Massanari*, 246 F.3d 1195, 1207-08 (9th Cir. 2001).

1    An ALJ may rely on conservative treatment in discounting a claimant's symptom

2   testimony. *See Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) (holding that over-

3   the-counter pain medication is "conservative treatment"). Similarly, lack of treatment can

4   serve as a clear, convincing, and specific reason for rejecting plaintiff's subjective

5   testimony. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *see also* Social

6   Security Ruling ("SSR") 16-3p ("[I]f the frequency or extent of the treatment sought by

7   an individual is not comparable with the degree of the individual's subjective complaints,

8   . . . we may find the alleged intensity and persistence of an individual's symptoms are

9   inconsistent with the overall evidence of record."); *See also Fair v. Bowen*, 885 F.2d

10  597, 603 (9th Cir. 1989) ("[A]n unexplained, or inadequately explained, failure to . . .

11  follow a prescribed course of treatment . . . can cast doubt on the sincerity of the

12  claimant's pain testimony."). Before finding an individual's symptoms inconsistent with

13  the record on this basis, the ALJ must consider the possible reasons the plaintiff is not

14  seeking treatment consistent with the degree of their complaint. SSR 16-3p.

15      1.  Mental Health Symptoms

16      With regards to plaintiff's mental health symptoms, the ALJ noted that in

17  treatment notes plaintiff reported improved symptoms when he stopped taking Adderall

18  and switched to an anti-depressant medication. AR 548-549. Plaintiff reported

19  improvement with medication and denied side effects. AR 525, 535. Plaintiff also

20  reported that he experienced increased symptoms when he stopped taking his

21  medication and acknowledged that the medication was a "big part" of plaintiff's ability to

22  manage symptoms. AR 475, 736, 738, 771.

23

24

25

ORDER REVERSING AND REMANDING DECISION
TO DENY BENEFITS - 10

The ALJ's determination is supported by the record. Plaintiff does not challenge this determination and has not cited evidence inconsistent with the ALJ's conclusion. The ALJ did not err in discrediting plaintiff's testimony regarding mental health symptoms on this ground. While the ALJ provided other reasons to discount plaintiff's mental health symptom testimony, the Court need not evaluate these reasons – any error would be harmless. *Carmickle v. Comm'r of Soc. Sec. Admin*., 533 F.3d 1155, 1162 (9th Cir. 2008)).

2. Physical Impairments

The ALJ determined that the severity of plaintiff's reported physical impairments was inconsistent with treatment history and objective medical evidence in the record. AR 810, 811, 814-16. The ALJ noted that plaintiff reported an alleged onset date of December 2010 but did not seek treatment for more than a year. AR 811, 814. The ALJ also cited to evidence indicating that plaintiff had mild degenerative changes to the lumbar spine with normal gait and no spinal tenderness. AR 568, 571. During an examination with a spine specialist, the specialist found mild to moderate degenerative changes with normal gait. AR 677, 680, 682. The spinal specialist recommended plaintiff try conservative treatment such as physical therapy, stretching, aerobic exercise, maintaining a healthy weight, drinking plenty of fluids, ice/heat, and smoking cessation. AR 683. The spine specialist declined plaintiff's request for pain medication and recommend that plaintiff use NSAID medications. AR 683. The imaging of plaintiff's spine showed minimal disc degeneration. AR 687-88.

Plaintiff attended physical therapy in 2014 but was discharged after failing to attend four appointments. AR 723-24. In 2015 plaintiff reported back pain but indicated

he had not tried the recommended heat, ice and medication. AR 740. Plaintiff's medical providers recommended plaintiff use heat, ice, gentle stretching and physical therapy. AR 742. Plaintiff's medical providers declined to prescribe plaintiff pain medication. AR 742. Plaintiff's insurance denied further therapeutic services due to non-compliance and failure to attend physical therapy. AR 663. The ALJ also noted that plaintiff has not sought further treatment for his reported right elbow neuropathy. AR 816.

The ALJ's determination that plaintiff's conservative treatment and lack of treatment sought undermined plaintiff's physical impairment testimony is supported by the record. Plaintiff has not cited to any evidence inconsistent with the ALJ's conclusion or provided an explanation for plaintiff's lack of treatment. While the ALJ provided other reasons to discount plaintiff's physical impairment testimony, the Court need not assess whether these reasons were proper – any error would be harmless. *Carmickle v. Comm'r of Soc. Sec. Admin*., 533 F.3d 1155, 1162 (9th Cir. 2008).

The ALJ did not commit harmful error in evaluating plaintiff's symptom testimony.

C.  Opinion Evidence

Under applicable Ninth Circuit precedent, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). When a treating or examining physician's opinion is contradicted, an ALJ must provide specific and legitimate reasons for rejecting it. *Id.* In either case, substantial evidence must support the ALJ's findings. *Id.* Under Ninth Circuit law, opinions from non-examining medical sources that contradict a treating physician's opinion will trigger the "specific and

legitimate reasons" standard of review. *See, e.g.*, *Revels v. Berryhill*, 874 F.3d 648, 662 (9th Cir. 2017) (requiring only specific and legitimate reasons where treating doctor's opinion was "contradicted by the findings of Dr. Rowse and Dr. Blando, the non-examining doctors from the state agency, and, to some extent, the opinion of Dr. Ruggeri, the hand specialist").

"Determining whether inconsistencies are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount the opinions of [treating or examining doctors] falls within this responsibility." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999). A non-treating, non-examining source's opinion is entitled to less weight than a treating or examining opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996).

### 1. Eugene Kester M.D. and Clifford Thomas PhD

Plaintiff argues that ALJ Jones erred in giving great weight to the opinions of state agency consultants Eugene Kester M.D. and Clifford Thomas PhD. Dkt. 17 at 10-11. Plaintiff argues that this is error because the doctors only performed a record review and never examined plaintiff. *Id.* Plaintiff argues the ALJ erred in giving more weight to these opinions than to the opinion of examining physician Alex Crampton Psy.D. *Id.*

"Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or ultimate determination of disability." *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). Further, the opinion of a non-examining physician's opinion may constitute substantial evidence when it is consistent with other independent evidence in the record. *Id.* at 1149; *Deleon v. Saul*, 812 Fed. Appx. 529, 529 (9th Cir. 2020)

1   ("Substantial evidence also supports the ALJ's reliance on the opinions of non-

2   examining physicians as those opinions are consistent with the record as a whole.").

3   Plaintiff does not identify how the opinions of Dr. Kester and Dr. Thomas are contrary to

4   the record or how the ALJ erred in giving great weight to these opinions.

5          The ALJ did not err in evaluating Dr. Kester and Dr. Thomas' opinions.

6                    2.  <u>Alex Crampton Psy.D.</u>

7          In July 2013, Dr. Crampton examined plaintiff for DSHS benefits finding that

8   plaintiff suffered from severe mood instability. AR 433-446. Dr. Crampton opined that

9   plaintiff would have mild to moderate limitations in the following activities: understand,

10  remember, and persist in tasks by following very short and simple instructions; learn

11  new tasks; perform routine task without special supervision; make simple work-related

12  decisions; be aware of normal hazards and take appropriate precautions; ask simple

13  questions or request assistance; and set realistic goals and plan independently. AR

14  435. Dr. Crampton also opined that plaintiff would have marked or severe limitations in

15  his ability to: understand, remember, and persist in tasks by following detailed

16  instructions; perform activities within a schedule, maintain regular attendance, and be

17  punctual within customary tolerance without special supervision; adapt to changes in a

18  routine work setting; communicate and perform effectively in a work setting; complete a

19  normal work day and work week without interruptions from psychologically based

20  symptoms; and maintain appropriate behavior in a work setting. AR 435.

21         After the plaintiff's first hearing, ALJ Sherry gave little weight to the opinion of Dr.

22  Crampton. AR 913-14.

23

24

25

ORDER REVERSING AND REMANDING DECISION
TO DENY BENEFITS - 14

On appeal, the Honorable David W. Christel ordered that ALJ Sherry's decision was reversed and remanded for further administrative proceedings. AR 938-957. Judge Christel found that the ALJ's decision failed to give specific and legitimate reasons to discredit Dr. Crampton's opinion, and that the ALJ's evaluation of Dr. Crampton's opinion was not supported by substantial evidence. AR 943-950.

Under the law of the case doctrine, a court is prohibited from "considering an issue that has already been decided by . . . a higher court in the same case." *Stacy v. Colvin,* 825 F.3d 563, 567-568 (9th Cir. 2016). And, under the rule of mandate a lower court may not "vary or examine [the] mandate for any purpose other than executing it." *Stacy v. Colvin,* at 568 (quoting *Hall v. City of Los Angeles,* 697 F.3d 1059, 1067 (9th Cir. 2012); *see Sullivan v. Hudson*, 490 U.S. 877, 886 (1989) (whether an ALJ has, or has not, obeyed a remand order is a question of law). If an issue has not expressly or impliedly been decided by the higher court, then the lower court may consider such a question on remand. *Odima v. Westin Tucson Hotel,* 53 F.3d 1484, 1497 (9th Cir. 1995).

In ALJ Sherry's first evaluation of Dr. Crampton's opinion, the ALJ gave *little* weight to the opinion for the following reasons:

> (1) The doctor did not have any records to review, so it was largely based on the claimant's self-report. (2) The claimant did not disclose he continued to use marijuana regularly, so the doctor was unable to make an accurate diagnosis/assessment of functioning. (3) Further, while it is agreed the claimant has some limitations due to his mental health, the severity found by Dr. Crampton was inconsistent with his reported activities to the doctor. For instance, the doctor reported the claimant had a severe limitation in his ability to adapt to changes at work, and was unable to complete a normal workday or workweek, yet the claimant was the single stay-at-home parent of three young children at the time. The severity is inconsistent with the claimant's treatment records that showed he was engaging in a wide range of activities. (4) It is further noted that Dr.

Crampton is not a treating provider, and his opinion was based on a one-time exam. (5) The doctor did not think the claimant would be limited for more than six months, or permanently disabled by his condition, which is further inconsistent with his severe findings. (6) Although the claimant reported he struggled with this for years, this is belied by the lack of any evidence showing a history of treatment.

(7) The DSHS report is given limited weight for additional reasons. DSHS uses different rules and regulations to establish disability, so the same conclusion may not have been reached if applying only our regulations. Evaluations conducted for DSHS as largely based on the claimant's self-reported symptoms and complaints, and (8) in this case, the severity of the report is not consistent with the objective findings upon exam. He had some deficits, but they were not of a disabling degree.

AR. 913-14; 942-43.

On remand, ALJ Jones gave Dr. Crampton's opinion *partial* weight, accepting the mild and moderate limitations but rejecting Dr. Crampton's marked and severe limitations. AR 812. ALJ Jones relied on many of the same reasons that ALJ Sherry cited as grounds to reject Dr. Crampton's opinion. AR 812-13. Specifically, ALJ Jones reasoned that:

However, the marked and severe limitations opined by Dr. Crampton are inconsistent with these objective findings. The marked and severe limitations opined are also inconsistent with the claimant's demonstrated functioning, including his reported ability to play music with a friend (4F/102-103), care for his children (4E) and go to school (4F/110).

Additionally, Dr. Crampton did not have any records to review, so his opinion was largely based on the claimant's subjective allegations, the reliability of which is undermined due to various inconsistencies as discussed throughout this decision. The claimant did not disclose that he continued to use marijuana regularly, so the doctor was unable to make an accurate diagnosis/assessment of functioning. Specifically, Dr. Crampton's ability to render an accurate assessment of the claimant's functioning from a mental health perspective is predicated on having accurate information, particularly information about his use/abuse of substances.

Further, while it is agreed the claimant has some limitations due to his mental health, the severity found by Dr. Crampton was inconsistent with his reported activities to the doctor. For instance, the doctor reported the claimant had a severe limitation in his ability to adapt to changes at work and was unable to complete a normal workday or workweek, yet the claimant was the single stay-at-home parent of three young children at the time. The severity is inconsistent with the claimant's treatment records that showed he was engaging in a wide range of activities. It is further noted that Dr. Crampton is not a treating provider, and his opinion was based on a one-time exam. The doctor did not think the claimant would be limited for more than six months, or permanently disabled by his condition, which is further inconsistent with his severe findings. Although the claimant report he struggled with his symptoms for years, this is belied by the lack of any evidence showing a history of treatment.

Dr. Crampton's report is given only partial weight for additional reasons. DSHS uses different rules and regulations to establish disability, so the same conclusion may not have been reached if applying only our regulations. Evaluations conducted for DSHS are largely based on the claimant's self-reported symptoms and complaints, and in this case, the severity of the report is not consistent with the objective findings upon exam. The report shows that the claimant had some deficits, but they were not of a disabling degree.

AR 812-13.

### i. Inconsistent with Objective Findings

ALJ Jones gave Dr. Crampton's opinion limited weight because the limitations were inconsistent with objective medical findings. AR 812.  A finding that a physician's opinion is inconsistent with the medical record may serve as a specific and legitimate reason for discounting it. *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4); *Ghanim v. Colvin*, 763 F.3d at 1161 (9th Cir. 2014). Yet, the ALJ must do more than provide conclusions. *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989). The ALJ must provide specific reasons for rejecting a medical opinion. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988) ("it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physician's findings.").

The ALJ provides a conclusory statement that Dr. Crampton's opinion about marked and severe limitations was inconsistent with objective findings -- without explaining how the cited medical records are inconsistent with the opined marked and severe limitations. AR 812. The ALJ's decision fails to provide a detailed and specific explanation regarding how the cited records undermine or contradict Dr. Crampton's opined limitations. This basis for rejecting Dr. Crampton's opined marked and severe limitations is not a sufficiently specific and legitimate reason to reject Dr. Crampton's opinion.

Defendant's response brief identifies additional medical records and medical opinions that purportedly contradict Dr. Crampton's opinion. Dkt. 21 at 11. The Court cannot consider this additional reasoning because the ALJ did not rely on this evidence when evaluating Dr. Crampton's opinion. *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) ("[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.) (citations omitted).

### ii.  Inconsistent with plaintiff's demonstrated functioning

Next, ALJ Jones stated that Dr. Crampton's opinion that plaintiff would be unable to adapt to changes at work and would be unable to complete a normal workday or workweek is inconsistent with plaintiff's activities such as playing music with a friend, caring for his children and going to school. AR 813.

Inconsistency with a claimant's activities may serve as a proper basis for rejecting a medical source's opinion. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir.

2001). Yet disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits)).

The Court previously explained that plaintiff's ability to care for his children, with the help of his mother and sister, does not show that plaintiff is able to adapt to changes at work or complete a normal workday or workweek. AR 945-46. Additionally, while the Court can uphold an ALJ's findings when they are supported by inferences reasonably drawn from the record, the ALJ must actually articulate such inferences to give a cogent explanation. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The ALJ relied on plaintiff's ability to play music with a friend and go to school as undermining Dr. Crampton's medical opinion but did not identify how these activities undermine the opinion regarding the opined limitations. The ALJ cited to a Comprehensive Mental Health Assessment in which plaintiff reported "Even teachers have screwed me over by just letting me screw up." AR 556. This assessment does not indicate whether plaintiff was currently in school at the time of the assessment or whether plaintiff was able to continue schooling. AR 556.

Additionally, the ALJ's report does not identify how any cited activity would be transferrable to a work setting or whether plaintiff could perform these activities at a frequency or to an extent indicating that plaintiff can spend a substantial part of his day performing them. *See Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and caring for

a cat in one's own home, as well as occasional shopping outside the home, are not similar to typical work responsibilities."); *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996).

The ALJ's determination that plaintiff's daily activities undermined Dr. Crampton's opined limitations is not a specific and legitimate reason because it is unsupported by substantial evidence in the record.

### iii.  Marijuana Use

The ALJ also determined that Dr. Crampton's opinion was undermined because plaintiff did not disclose that he continued to use marijuana regularly, so the doctor was unable to make an accurate diagnosis/assessment of functioning. AR 812.

The Court previously explained that this reasoning was not supported by substantial evidence in the record because none of the records or the ALJ's decision reflect when plaintiff stopped using marijuana or whether he was indeed regularly using marijuana at the time of his evaluation with Dr. Crampton. AR 944. Additionally, the Court held that, even if the ALJ could show that plaintiff was using marijuana in July 2013, the ALJ failed to explain how the marijuana use affected plaintiff's functioning such that it countered Dr. Crampton's findings. AR 945.

ALJ Jones relies on the same rejected reasoning as ALJ Sherry without providing any further explanation. AR 812-13. ALJ Jones does not provide any citations to the record indicating whether plaintiff was using marijuana at the time he met with Dr. Crampton or how marijuana use affected plaintiff's functioning or how plaintiff's alleged marijuana use contradicted Dr. Crampton's findings. Accordingly, this reason is legal error under the rule of mandate, and also violates the law of the case doctrine.

Defendant's response brief cites to a different portion of the ALJ's report – evaluating plaintiff's testimony – for the position that the ALJ sufficiently showed that plaintiff was using marijuana when he met with Dr. Crampton. Dkt. 21 at 12-13. In the cited records, plaintiff reported – in July 5, 2014 – that he had "self-medicated on marijuana for years," AR 623. This record does not indicate if he was using marijuana when he met with Dr. Crampton or whether marijuana use would have affected Dr. Crampton's opined limitations. Accordingly, this citation to the record does not support the ALJ's evaluation of Dr. Crampton's opined limitations.

Defendant also cites to additional portions of the record -- but the ALJ did not rely on these portions of the record when discussing Dr. Crampton's opinion. Dkt. 21 at 13. The Court cannot consider this additional reasoning because the ALJ did not rely on this evidence when evaluating Dr. Crampton's opinion. *Bray*, 554 F.3d at 1225-26 ("[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.) (citations omitted).

### iv.  Rule of Mandate, and Law of the Case

Additionally, ALJ Jones cited the following reasons for giving Dr. Crampton's opinion little weight: (1) because the opinion was largely based on plaintiff's subjective self-reports; (2) "Dr. Crampton is not a treating provider, and his opinion was based on a one-time exam"; (3) Dr. Crampton "did not think the claimant would be limited for more than six months, or permanently disabled by his condition, which is further inconsistent with his severe findings"; (4) Dr. Crampton's opinion was undermined by plaintiff's lack of treatment history; and (5) Dr. Crampton's opinion was for DSHS benefits and "DSHS

uses different rules and regulations to establish disability so the same conclusion may not have been reached if applying only our regulations." AR 812-13.

After plaintiff's first hearing, ALJ Sherry relied on these same bases to reject Dr. Crampton's opined limitations. 913-14. The Court previously rejected these reasons because they are not specific and legitimate reasons to discount Dr. Crampton's opinion and because they are not supported by substantial evidence in the record. AR 943-950. ALJ Jones relies on these same deficient reasons without providing any additional explanation or citations to the record. Accordingly, ALJ Jones' reliance on these reasons is reversable legal error under the rule of mandate, and law of the case doctrine. *Sullivan*, 490 U.S. at 886 ("Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review."); *Stacy v. Colvin,* 825 F.3d 563, 567-568 (9th Cir. 2016).

### v. Harmless Error

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

The ALJ's errors are not harmless because a proper evaluation of the medical opinion of Dr. Crampton, as Judge Christel previously determined, was consequential to the ultimate question of whether plaintiff was, or was not, disabled during the relevant period.

D.  <u>Remand for Award of Benefits</u>

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2018). If the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. 880 F.3d at 1045.

The Court may also consider the length of time plaintiff has been waiting for a final disposition. *See Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Plaintiff filed this application for benefits on April 1, 2014 and has been waiting eight years for a final decision on the claims. *See, Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir, 2004) (remanding a disability claim for further proceedings can delay much needed

income for claimants who are unable to work and are entitled to benefits, often

subjecting them to tremendous financial difficulties while awaiting the outcome of their

appeals and proceedings on remand).

Based on the errors identified in this Order, and the findings of Dr. Crampton --

that plaintiff would have marked or severe limitations in his ability to: understand,

remember, and persist in tasks by following detailed instructions; perform activities

within a schedule, maintain regular attendance, and be punctual within customary

tolerance without special supervision; adapt to changes in a routine work setting;

communicate and perform effectively in a work setting; complete a normal work day and

work week without interruptions from psychologically based symptoms; and maintain

appropriate behavior in a work setting (AR 435) -- and considering the undue delay that

would be caused by further administrative proceedings, remand for an award of benefits

is the appropriate remedy.

## CONCLUSION

The Court finds the ALJ's decision was not properly supported by substantial

evidence in the record. Defendant's decision to deny plaintiff benefits is REVERSED

and this matter is REMANDED for an award of benefits.

Dated this 3rd day of June, 2022.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge