UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JASON REINHART,<br><br>                          Plaintiff,<br><br>       v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                          Defendant. | Case No. C20-5755 TLF<br><br>ORDER ON PLAINTIFF'S CONTESTED MOTION FOR ATTORNEY'S FEES |

This matter comes before the Court on plaintiff's motion for attorney fees pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA). Dkt. 24.

Under the Equal Access to Justice Act, in any action brought by or against the United States, "a court shall award to a prevailing party other than the United States fees and other expenses … unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, fee awards are payable to the litigant and not their attorney, unless the litigant assigns their rights to the fee award to their attorney. *Astrue v. Ratliff*, 560 U.S. 586, 594-97 (2010).

Defendant does not oppose the amount of fees sought, but objects to the fees being paid directly to plaintiff's attorney. Dkt. 26. Plaintiff has submitted the contract between plaintiff and plaintiff's counsel for services and payment of fees. Dkt. 25. The fee agreement states that if plaintiff is awarded benefits the attorney's fees owed will be

ORDER ON PLAINTIFF'S CONTESTED MOTION FOR
ATTORNEY'S FEES - 1

the lesser of 25 percent of all past due benefits or $6,000. Dkt. 25. The fee agreement does not assign plaintiff's interest in EAJA fees to plaintiff's counsel. Dkt. 25. Plaintiff has not filed a reply to defendant's opposition and has not submitted evidence indicating plaintiff assigned their interest in EAJA fees to counsel.

Based on the record before the Court, the Court grants plaintiff's motion for attorney's fees with fees paid directly to plaintiff. Plaintiff is awarded attorney's fees in the amount of $4,242.03 pursuant to the EAJA subject to any offset as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010). The Commissioner shall contact the Department of Treasury to determine if the EAJA award is subject to any offset. If the U.S. Department of the Treasury verifies to the Office of General Counsel that plaintiff does not owe a debt, the government shall pay the EAJA fee directly to plaintiff.

Dated this 6th day of September, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge